## ROBERTS v HALL

Ohio Appeals, 1st Dist, Hamilton Co
Decided July 27, 1931

ALLREAD, PJ, KUNKLE, and HORNBECK, JJ, (2nd Dist) sitting.

Maxwell & Ramsey and L. J. Schneider, for Intervenor Shoemaker.

Powers & Herron, for Intervenor Anderson.

HORNBECK, J.

We have stated the respective claims of the parties in their pleadings at considerable length to distinctly set out the nature of the issues joined thereby.

At the time this case was presented to us a motion was interposed by Vachel W. Anderson to dismiss the appeal of defendant, Estelle Shoemaker. The court overruled this motion for the time being and stated that when the case was further considered upon its merits we would again direct attention to the motion.

We have with care and a better appreciation of the exact issues, tried and determined between Shoemaker and Anderson, again considered this motion and are now of opinion that it should be sustained. The issues drawn between these parties related solely to ownership of and the right of possession to specific personal property. The controversy, while arising from the application of the Receiver, was independent between the parties, Shoemaker and Anderson. It was an action at law and upon which, no doubt, the right to a jury trial was assured had it been demanded. The relief sought, in so far as it related to the Procter & Gamble stock, would have required a delivery of the specific stock, be-

cause it was conceded to be in the envelope in the possession of the Receiver.

The action of the trial court required no determination of lien on the funds in the hands of the Receiver, but would have been a judgment at law awarding the specific personal property to Shoemaker or Anderson. The controversy respecting the Procter & Gamble stock was entirely different from that concerning the Standard Brands Incorporated, wherein it did not appear at the time of the filing of the intervening petition that the specific stock could be found and identified.

Our attention has been directed to the leading cases in Ohio respecting the right of appeal, but in view of the distinction, which is obvious, if we are correct in our determination, it is not necessary to consider them nor comment on them at length.

The motion to dismiss the appeal will therefore be sustained. Exceptions may be noted.